**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEONTE DAVIS** | : | |
| | : | **No. 2:21-cv-05616** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | **ELECTRONICALLY FILED** |
| | : | |
| **Defendants** | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |

**O R D E R**


AND NOW, this _____ day of _____ 2022, upon consideration of the

Motion of Defendant City of Philadelphia to Compel Independent Medical Examination (ECF

No. 20) and Plaintiffs' response in opposition thereto, it is hereby ORDERED and DECREED

that said Motion is DENIED.


**BY THE COURT:**


_____
**KAREN SPENCER MARSTON, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEONTE DAVIS** | : | |
| | : | **No. 2:21-cv-05616** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | **ELECTRONICALLY FILED** |
| | : | |
| **Defendants** | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION IN OPPOSITION TO DEFENDANT'S**
**MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION**

Plaintiffs hereby incorporate their memorandum of law in opposition to Defendant's

Motion to Compel Independent Medical Examination of the Plaintiff as a response to

Defendants' Motion.

Respectfully submitted,

/s/ Nia O. Holston
Nia Holston (PA ID No. 327384)
/s/ Bret D. Grote
Bret Grote (PA ID No. 317273)
/s/ Rupalee Rashatwar
Rupalee Rashatwar (PA ID No. 331085)
ABOLITIONIST LAW CENTER
P.O. Box 8654
Pittsburgh, PA 15221
T: (267) 357-0948
nia@alcenter.org
bretgrote@abolitionistlawcenter.org
rupalee@alcenter.org

*Attorneys for the Plaintiff*

DATED: September 28, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEONTE DAVIS                             :
                                         :        No. 2:21-cv-05616
        Plaintiff,                       :
                                         :
    v.                                   :
CITY OF PHILADELPHIA, et al.,            :        ELECTRONICALLY FILED
                                         :
    Defendants                           :
                                         :        JURY TRIAL DEMANDED
                                         :
                                         :

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION**

## I.     INTRODUCTION

Plaintiff submits this Memorandum of Law in response to the Motion to Compel

("MTC") Independent Medical Examinations ("IME"). Defendant's arguments that they have

satisfied both the "medical controversy" and "good cause" requirements to obtain this Court's

permission to conduct a mental or physical examination of the Plaintiff pursuant to Federal Rule

of Civil Procedure 35(a) are lacking merit.  The Defendant has failed to satisfy the good cause

requirement, as the Plaintiff has already been subjected to neurology and psychiatry evaluations

related to his injuries while in the custody and control of the Defendant, and the Defendant has

not shown good cause for subsequent evaluations.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 35 allows the Court to "order a party whose mental or

physical condition…is in controversy to submit to a physical or mental examination by a suitably

licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). A court may only issue an order for an

IME upon motion of one of the parties, and for good cause shown. Fed. R. Civ. P. 35(a)(2)(A).

The decision whether to grant a motion to compel a Rule 35 examination is committed to the sound discretion of the district court. *Hansen v. Speedway*, 2021 WL 254555 (E.D. Pa. Jan. 26, 2021) (quoting *Shirsat v. Mut. Pharm. Co., Inc.*, 169 F.R.D. 68, 70 (E.D. Pa. 1996)).   Indeed, "Rule 35, therefore, requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause.'" *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964).  Further, "the Federal Rules of Civil Rules of Civil Procedure should be liberally construed, but they should not be expanded by disregarding plainly expressed limitations." *Id* at 121.

The mental or physical condition of a party may be placed "in controversy" if the mental or physical condition of the person is placed in issue by another party or by the plaintiff through their pleadings. *Womack v. Stevens Transport, Inc.*, 205 F.R.D. 445 (E.D. Pa. Feb. 14, 2001). A party's medical condition is "in controversy" when there is a "real and genuine dispute about it." *Hansen* at *2 (citing *Schlagenhauf* at 118; *Kuminika v. Atlantic County New Jersey*, 551 F App'x 27, 29 (3d Cir. 2014)).

The central question in determining whether good cause exists is if the examination can adduce specific facts relevant to the cause of action and is necessary to the defendant's case. *Id*. at 2. If a Defendant's defense would be otherwise limited to the mere cross-examining of evaluations offered by Plaintiff's experts, good cause can be shown because the promulgators of Rule 35 deemed that the only having the opportunity to cross-examine was an "insufficient test of truth." *Tomlin v. Holecek*, 150 F.R.D. 628, 632 (D.Minn. 1993).

Good cause requires more than a mere showing of relevance, "for the relevancy standard has already been imposed by Rule 26(b). Thus, by adding the words 'good cause,' the Rules

indicate that there must be greater showing of need under [Rule 35] than under the other discovery rules." *Id.* at 118 (quoting *Guilford Nat'l Bank of Greensboro v. S. Ry. Co.*, 297 F.2d 921, 924 (4th Cir. 1962)). Relevant to this inquiry is "[t]he ability of the movant to obtain the desired information by other means." *Id.*; *see Marroni v. Matey*, 82 F.R.D. 371, 372 (E.D. Pa. 1979) (holding that Rule 35 requires that "less intrusive methods of discovery first be explored" before seeking an examination under the Rule).

### III.    ARGUMENT

Defendant's central argument in seeking to compel the examinations is that the good cause requirement has been met because "there is a genuine dispute as to the extent of the injuries and whether they rise to the severity alleged." Defendant's Motion to Compel, at 4 (ECF 20).[1] Here, the Defendant conflates the good cause and medical controversy requirements, and therefore has failed to satisfy the good cause prong of Rule 35. Defendant's argument boils down to one essential statement – *because* there is a medical condition in controversy, good cause exists. This is in direct contravention of the leading caselaw on this issue, which holds that "good cause" is a separate and distinct requirement from the medical controversy requirement. *Schlagenhauf* at 242 (Rule 35 requires an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy **and** that good cause exists for ordering **each** particular examination) (emphasis added).

---

[1] Plaintiff does not address the medical condition in controversy requirement of FRCP 35 in this brief.

### a.  Defendant has failed to satisfy the good cause requirement

Defendant has failed to offer any argument as to why the requested examination is necessary given the specific factual history of this case and failed to offer any explanation as to why the specific request for each *subsequent* medical evaluation – neurology and psychiatry – are necessary to this matter.

### b.  Because Plaintiff has already been subjected to medical examinations ordered by the City, good cause does not exist

The IME's requested in this matter are duplicative and cumulative of the evaluations the Plaintiff had while he was in the custody and care of the Philadelphia Department of Prisons for the injuries that are central to the complaint. The Plaintiff had evaluations for his injuries during a total of nearly 15 months that he was incarcerated after his fall, before and after the litigation commenced.

Whether a Plaintiff had any previous examination is highly relevant to the inquiry into whether a party has good cause for obtaining subsequent examinations. *Strosin v. The J.M. Smucker Co.*, No. 5:14-cv-07085, 2015 WL 6181402, at *2 (E.D. Pa. Oct. 21, 2015). In *Strosin*, the Plaintiffs contended that there was no good cause for Defendants to obtain additional radiology studies because Defendants were already in possession of three radiology studies which the Plaintiff had already undergone in the two years since the accident. The district court found that it was unnecessary for the Plaintiff to undergo additional radiology studies if the very evidence that Defendants sought was available through other means. *Id* at 2.

An additional relevant factor is whether the requesting party previously selected or authorized medical evaluations of the responding party. *Melhorn v. New Jersey Transit Rail Operations, Inc*., No. 98-cv-6687, 203 F.R.D. 176 (E.D. Pa. Apr. 3, 2001). In *Melhorn*, the court denied the Defendant's motion to compel independent medical examinations of an employee

where the employee offered evidence that he had already submitted to three medical examinations by doctors selected by the Defendant, despite the Defendant's contention that those examinations were not performed as independent medical examinations, but rather to comply with Defendant company's policy as to employee examinations. *Id* at 177-78.

Medical records in the custody and control of the Defendant indicate that Plaintiff was examined several times by multiple medical professionals after his injury, before he filed the instant lawsuit, and several times thereafter. In fact, these evaluations were conducted at the behest of the Defendant. It is clear that the Defendant had notice of the injury during those evaluations that were initiated in response to the Plaintiff's fall and subsequent injuries. The records indicate that these examinations were independent, as the medical doctors were not hired by the Plaintiff and were not evaluating him based on the possibility of litigation.

There is no good faith basis to subject the Plaintiff to additional examinations when he has undergone at least nine neurological examinations and at least two psychiatric and/or psychological examinations in the last two and a half years since his injury, documentation of which Defendant already possesses. Defendants are in possession of thousands of pages of medical records from many separate providers, evidencing and detailing the Plaintiff's injuries, conditions, and limitations since his injury on December 29, 2019.[2,3]

---

[2] Defendants have in their possession records from the following medical providers thus far, all of which contain information about the Plaintiff's condition: Donnefit Physical Therapy, Jefferson Torresdale Hospital, Temple Hospital, Thomas Jefferson University, Jefferson Urology, EMS records, and several thousands of pages from medical evaluations at the Philadelphia Department of Prisons. The Plaintiff was seen by a number of medical providers at various locations.

[3] Defendant notes the Plaintiff's conviction for fleeing in their Motion to Compel. See Defendant MTC at 7. However, Plaintiff has undergone neurological examinations (including a three-day evaluation at Jefferson Hospital) and psychiatric examinations subsequent to his arrest on said charge while in the custody of the Philadelphia Department of Prisons.

### c.   Defendant is not prejudiced by a lack of subsequent medical examinations

Defendant is not prejudiced by a lack of further medical evaluations because the medical visits and test results in the Plaintiff's records enable the Defendant's expert to provide an opinion on the validity of the Plaintiff's medical condition. The Defendant will not be forced to rely only upon cross-examination of the Plaintiff's expert witness. To the contrary, the Defendant may rely on the number of examinations sought by the Philadelphia Department of Prisons in the two and a half years since his injury, as well as the Plaintiff's deposition and other materials that the expert will find necessary.

Further, Defendant was not prejudiced by the timing of Plaintiff's raised objections on this matter. Though the Defendant now has to reschedule the evaluations originally scheduled for September 27 and September 28, 2022 if the Court grants their Motion to Compel the IME, because those evaluations were scheduled so close in time to the deadline for expert reports pursuant to the Second Amended Scheduling Order (ECF No. 18) in this matter, it is unlikely that raising the objection any sooner would have meant that the Defendant could avoid missing said deadline. Finally, there is no specific deadline in raising an objection to a request for an independent medical evaluation with the Rules of Federal Civil Procedure. Plaintiff provided counsel with a letter detailing those objections less than 24 hours after Defendant inquired about potential objections. (Exhibit A).

### d.   In light of the previous examinations, any further evaluations are burdensome.

Because the Plaintiff has already been subjected to evaluations on the central issue to this case, any further evaluations are cumulative and unnecessary. Additionally, further evaluations are burdensome, as the Plaintiff utilizes a wheelchair, relies on others for transportation, and the

location of the evaluations are difficult to access in a wheelchair via public transit from his residential area.

## IV.    CONCLUSION

For the reasons stated above, the Court should deny the Defendant's motion in full as to both examinations. If this Court deems the Defendant's requested relief necessary, Plaintiff requests a modification of the Defendant's proposed order removing the provision that the Plaintiff shall not be accompanied by counsel or other representation, as the Defendant has not articulated any discernible reason for such relief in their motion, as any person chosen by counsel would be present solely as observer and not for purpose of advising plaintiff during examination and could make notes of observations. *See Lowe v. Philadelphia Newspapers, Inc.*, 101 F.R.D. 296, 299 (E.D. Pa. Oct. 21, 1983). It also noteworthy, if not dispositive, that under Pennsylvania law, plaintiffs have the right to be accompanied by counsel or other companion in examinations by defense medical experts. Pa. R. Civ. P. 4010(4)(i).

Respectfully submitted,

/s/ Nia O. Holston_____
Nia Holston (PA ID No. 327384)
/s/ Bret D. Grote_____
Bret Grote (PA ID No. 317273)
/s/ Rupalee Rashatwar_____
Rupalee Rashatwar (PA ID No. 331085)
ABOLITIONIST LAW CENTER
P.O. Box 8654
Pittsburgh, PA 15221
T: (267) 357-0948
nia@alcenter.org
bretgrote@abolitionistlawcenter.org
rupalee@alcenter.org


*Attorneys for the Plaintiff*

**EXHIBIT A**



Nia Holston <nia@alcenter.org>

---

## Deonte Davis - IMEs

**Michelle Barone** <Michelle.Barone@phila.gov>                    Fri, Sep 16, 2022 at 5:13 PM
To: "nia@alcenter.org" <nia@alcenter.org>

Nia:


As you know, I have secured dates for IMEs with Dr. Cohn (Psychiatrist) and Dr. Garg (Neurologist) related to the injury (FND) claimed by Mr. Davis. Please confirm that you have no opposition to these IMEs and dates, which I believe will allow us to stay within the current discovery deadlines. I've attached a proposed stipulation to file with the Court (including the CVs, which I will mark as exhibits). Please note, on the stipulation, I noted that they have up to 4 hours to perform the examination—they told me they usually take between 30 minutes and one hour, I have no reason to believe this will be longer, but want to build in some buffer time.


We can discuss in greater detail during our meet and confer scheduled on Monday.


Thank you,


Michelle


Michelle V. Barone

Assistant City Solicitor

Law Department, Civil Rights Unit

City of Philadelphia

1515 Arch Street, 14th Floor

Philadelphia, PA 19102-1595

215-683-5217 (direct)

michelle.barone@phila.gov


---

**3 attachments**


**Garg-S-CV-2021.pdf**
84K

**IME Stipulation (Davis) DRAFT.pdf**
177K

**Cohn-R-CV-2021.pdf**
58K

                                                    Nia Holston <nia@alcenter.org>

---

## Deonte Davis - IMEs

**Nia Holston** <nia@alcenter.org>                                    Sat, Sep 17, 2022 at 10:16 AM
To: Michelle Barone <Michelle.Barone@phila.gov>, Bret Grote <bretgrote@abolitionistlawcenter.org>, Rupalee Rashatwar
<rupalee@alcenter.org>

Michelle:

Please find a substantive response on the proposed IME's attached below. Looking forward to talking on Monday.

Best,
Nia
[Quoted text hidden]

---

📄 **2022.09.17 Letter to the City re IMEs.pdf**
145K



**Abolitionist Law Center**
**P.O. Box 8654**
**Pittsburgh, PA 15221**
**abolitionistlawcenter.org**

September 17, 2022

Michelle Barone, Esq.
Assistant City Solicitor
City of Philadelphia
Law Department
One Parkway
1515 Arch St., 14th Fl.
Philadelphia, PA 19102
Michelle.barone@phila.gov

**Via Email**

**Re:   _Deonte Davis v. City of Philadelphia, et. al,_ 2: 21-cv-5616**

Counsel:

I write in response to your email correspondence dated September 16, 2022. In that correspondence, you ask whether Plaintiff's counsel had any objections to the proposed independent medical evaluations of my client pursuant to Federal Rule of Civil Procedure 35 (a). As you know, the City requested two separate medical evaluations. The first, a neurology exam with Dr. Sanjeev Garg, is scheduled for Tuesday, September 27, 2022. The second, a psychiatry exam, is scheduled for Wednesday, September 28, 2022. Please note that Plaintiff's counsel reserves the right to make additional objections at any time up to and including if an independent medical evaluation is conducted and when that physician produces an expert report.

Counsel objects to both evaluations on the basis that they are duplicative and cumulative of the evaluations my client had while he was in the custody and care of the Philadelphia Department of Prisons after his fall, before and after litigation commenced. Counsel also objects to these evaluations on the basis that they are burdensome to the Plaintiff.

An order for the physical or mental examination a party is not granted as of right. *See* 8b Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2234.1 (3d ed. 2010). Whether a Plaintiff had any previous examination is highly relevant to the inquiry into whether a party has good cause for obtaining subsequent examinations. *Strosin v. The J.M. Smucker Co.*, No. 5:14-cv-07085, 2015 WL 6181402, at *2 (E.D. Pa. Oct. 21, 2015).  An additional relevant factor is whether the requesting party previously selected or authorized medical evaluations of the responding party. *Melhorn v. New Jersey Transit Rail Operations, Inc*., No. 98-cv-6687, 203 F.R.D. 176 (E.D. Pa. Apr. 3, 2001).  Medical records in the custody and control of the Defendant indicate that Plaintiff was examined several times by multiple medical professionals after his

injury, but before he filed the instant lawsuit, and several times thereafter. In fact, these evaluations were conducted at the behest of and paid for by the Defendant. It is clear that the Defendant had notice of the injury during those evaluations that were initiated in response to the Plaintiff's fall and subsequent injuries.

Moreover, the Defendant was on notice of the threat of litigation in response to the injury that happened while he was in custody but were certainly on notice once the instant litigation was filed on December 26, 2021. Because Plaintiff remained under the custody and control of the Defendant until August 1, 2022, and because the Defendant sent the Plaintiff to be evaluated in that intervening period, and doctors that provide medical care at the Philadelphia Department of Prisons spoke directly with treating physicians.

Counsel for the Plaintiff requests that the Defendant inform them of whether they plan to seek a Motion to Compel an independent medical examination on this issue. Counsel for the Plaintiff does not address the other matters in opposing counsel's email regarding stipulations for the proposed medical evaluations, because the instant letter raises issues that must be dealt with as a threshold matter. Counsel is happy to discuss at the previously scheduled meet-and-confer on September 19, 2022.

Respectfully submitted,

*/s/ Nia O. Holston*

Nia Holston (PA ID No. 327384)
Bret Grote (PA ID No. 317273)
Rupalee Rashatwar (PA ID No. 331085)
ABOLITIONIST LAW CENTER
P.O. Box 8654
Pittsburgh, PA 15221
T: (267) 357-0948
nia@alcenter.org
bretgrote@abolitionistlawcenter.org
rupalee@alcenter.org

## CERTIFICATE OF SERVICE

I, Nia O. Holston, hereby certify that a true and correct copy of Plaintiff's Response in Opposition to Defendant's Motion to Compel Independent Medical Evaluations was served upon counsel for Defendant via ECF on September 28, 2022.

/s/ Nia O. Holston_____
Nia O. Holston
ABOLITIONIST LAW CENTER
PO Box 8654
Pittsburgh, PA 15221
T: (267) 357-0948
nia@alcenter.org

DATE:          September 28, 2022