**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DEONTE DAVIS**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 21-5616-KSM** |
| **CITY OF PHILADELPHIA**, et al., | |
| Defendants. | |

**ORDER**

**AND NOW**, this 5th day of October, 2022, upon consideration of Defendant the City of

Philadelphia's Motion to Compel Independent Medical Examinations (Doc. No. 20) and Plaintiff's

response (Doc. No. 24), the Court finds as follows:

1.    Plaintiff alleges that in November 2019, he was arrested for drug possession, after

which he was booked at the Curran Fromhold Correctional Facility ("CFCF").   (Doc. No. 9 at 1.)

At the time, Plaintiff suffered from chronic seizures and, during intake at CFCF, medical staff

determined that Plaintiff required a bottom bunk and lower tier housing assignment.   (*Id.*)

However, Plaintiff was eventually forced to take a top bunk on the top tier of the housing area.

(*Id.*)  On December 29, 2019, Plaintiff suffered a seizure while sleeping, falling approximately

five and a half feet to the concrete floor.  (*Id.* at 2.)  Plaintiff alleges that "as a direct and proximate

result of his fall and injury, [he] was subsequently diagnosed with Functional Neurological

Disorder ("FND"), Functional Motor Disorder and/or limb weakness, and difficulty urinating."

(*Id.*; *see also id.* at ¶ 38.)  Plaintiff asserts a Fourteenth Amendment medical care claim against the

City (Count II), as well as claims under the Americans with Disabilities Act ("ADA") and

Rehabilitation Act (Counts III & IV).  (*Id.* at 12–14.)

2.       The City has filed a Motion to Compel Independent Medical Examinations ("IMEs") of Plaintiff.  (Doc. No. 20.)  The City argues that because Plaintiff "seeks damages related to a life-changing diagnosis that he asserts is often misunderstood" and puts his medical condition at issue, the City is entitled to IMEs conducted by medical experts of its choosing.  (*Id.* at 5–6; *see also id.* at 6–7 ("Here, Plaintiff placed his alleged seizure disability, injury, and FND diagnosis in controversy . . . Defendant cannot meaningfully defend against these allegations without the benefit of an [IME] to determine the existence and extent of the injury asserted.").)

3.       Under Federal Rule of Civil Procedure 35, "the court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Fed. R. Civ. P. 35(a)(1).  The court may only order that such an examination occur "on motion for good cause."  Fed. R. Civ. P. 35(a)(2).  "Rule 35, therefore, requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause.'"  *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964).  In meeting the good cause requirement, the movant must do more than merely show that the requested materials are relevant.  *See id.* at 118 ("The specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired materials are relevant, for the relevancy standard has already been imposed by Rule 26(b).  Thus, by adding the words 'good cause,' the Rules indicate that there must be a greater showing of need under Rules 34 and 35 than under the other discovery rules.").

4.       In his opposition, Plaintiff argues that the City has failed to satisfy the good cause requirement.  (Doc. No. 24 at 6.)  The Court agrees.  The City has not addressed good cause

anywhere in its brief.  And the City has not explained *how* (or *if*) Plaintiff's medical records are stale and why it is necessary for Plaintiff to undergo another series of medical examinations. Instead, the City simply insists it is entitled to an IME because Plaintiff puts his medical condition (in particular, his FND diagnosis and symptoms) at issue.  But that is not enough to show good cause.  *See Strosin v. The J.M. Smucker Co.*, No. 5:14-cv-07085, 2015 WL 6181402, at *2 (E.D. Pa. Oct. 21, 2015) ("[G]ood cause plainly would not exist to order [the plaintiff] to submit to a medical examination if Defendants could obtain precisely the evidence they sought through other means.  'Good cause requires a showing that the examination could adduce specific facts relevant to the cause of action and is necessary to the defendant's case,' and it is not necessary for [the plaintiff] to undergo additional X-rays or MRIs if that very evidence is available to Defendants through other means."); *see also id.* ("Defendants offer no other justification for their request other than their claim that they are entitled to require Mr. Strosin to submit to additional X-rays or MRIs. Defendants, therefore, have failed to show good cause for request.").

5.        Accordingly, the City's motion is **DENIED**.  However, the denial is without prejudice and with leave to re-file.  As in *Strosin*, this Court's ruling "does not foreclose [the City] from being able to obtain additional" medical examinations if it is "able to articulate good cause for [its request]." *Id.*; *see also id.* at *3 ("[I]f [the plaintiff's] previous X-rays or MRIs are stale, or are not sufficient for Defendants to fully assess [the plaintiff's] injuries, good cause would likely exist to require [the plaintiff] to submit to additional X-rays or MRIs.").  But in any renewed motion, the City must do more than what it has done now, which is to merely assert that it is entitled to IMEs because Plaintiff has put his FND at issue.  *See id.* ("[W]hen a party seeks additional X-rays or MRIs despite the fact that such imaging has already been performed and is available to the party, good cause requires more than the mere assertion that the party wants

them.").

      **IT IS SO ORDERED**.

                                 */s/ Karen Spencer Marston*

                                 KAREN SPENCER MARSTON, J.